[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The attorney trial referee filed her report in this case on November 10, 1994. In that report, she concluded that the actions of the defendant in pushing the plaintiff into a swimming pool at the Y.M.C.A. constituted a negligent battery upon her and recommended an award of $15,000.00 in favor of the plaintiff for physical and emotional damages suffered by the plaintiff as a consequence thereof.
On December 15, the defendant filed a motion to correct pursuant to § 438 of the Conn. Practice Book. In that motion, the defendant requested that the attorney trial referee correct her report by adding essentially five factual findings related to the issue of liability. The defendant further maintained in his motion to correct that the evidence presented did not support the CT Page 5022 recommended award of damages, but did not request the addition of, or the striking of, facts found by the referee, as to damages as required by Practice Book § 438. The attorney trial referee denied the defendant's motion to correct.
On April 20, 1995, the defendant filed exceptions to the report of the attorney trial referee pursuant to § 439 of the Conn. Practice Book. In his exceptions as to liability, the defendant requests that the court correct the referee's report by adding seven facts which he claims were undisputed.
Practice Book § 439 permits the court to grant such a motion if the subject matter thereof has been submitted to the referee in a motion to correct and a material fact has been found without evidence and the referee has failed to find an admitted or undisputed fact.
With respect to the first three facts as to liability which, the defendant claims to be admitted or undisputed, not only does the court believe them to be immaterial to the referee's conclusion, but also they were not submitted to the referee in the motion to correct as required by Conn. Practice Book § 439. As to the facts set forth in items 4, 5, and 6, while the subject matter thereof was set forth in the motion to correct, the issue of the defendant's knowledge as to whether the plaintiff could swim was not undisputed and the referee's finding on that issue is clearly supported by the record. While there is no dispute that the defendant would know that someone pushed into a pool would get wet, in and of itself, that fact is immaterial.
As to item number 7 as to liability, the test is not what the defendant would anticipate or foresee, but rather what would be foreseen by a reasonable person under the circumstances. Also, the defendant's state of mind is not an admitted or undisputed fact since it involves an issue of credibility as to his testimony.
With respect to the 12 factual items as to damages set forth in the defendant's exceptions, such were not submitted to the referee in the defendant's motion to correct as required by Conn. Practice Book § 439. In his motion to correct, the defendant did not request that the committee add any facts to her report but only argued that the evidence was insufficient to support the amount of damages recommended.
For the above reasons, the defendant's exceptions to the CT Page 5023 referee's report are denied.
On April 24, 1995, the defendant filed an objection to the acceptance of the report of the attorney trial referee pursuant to § 440 of the Conn. Practice Book. Section 440 provides that "[a] party may file objections to the acceptance of a report on the ground that the conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted."
The court can find no basis upon which to reject the report of the attorney trial referee. The facts found have more than sufficient basis in the evidence based upon the review of the transcript of the trial. The court believes that the referee correctly analyzed the legal issues presented and properly concluded that the defendant's conduct was negligent and that it was a substantial factor in producing the physical and emotional injuries suffered by the plaintiff. The referee's findings as to injuries and damages are also supported by the record.
Accordingly, the defendant's objection to the acceptance of the report of the attorney trial referee is overruled. In accordance with that report, judgment may enter in favor of the plaintiff in the amount of $15,000.00 to be apportioned between the plaintiff and the intervening plaintiff pursuant to § 31-293 of the Connecticut General Statutes.
Thompson, J.